UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SOUTHERN DIVISION

| | |
|---|---|
| VIRGINIA R. REEVES, individually; and CURTIS J. REEVES, individually, and as husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>COSCO, INC., an Indiana corporation; DOREL JUVENILE GROUP, INC., a Massachusetts corporation d/b/a COSCO; COSCO & ASSOCIATES, INC., a Florida corporation; DOREL DESIGN AND DEVELOPMENT, LLC, an Indiana corporation; DOREL, INC., an Indiana corporation; DOREL U.S.A., INC., a Delaware corporation; DOES I – X; and ROE CORPORATIONS I – X, inclusive,<br><br>Defendants. | Case No. 2:12-cv-01124-KJD-GWF<br><br>(District Court, Clark County, Nevada, Case No. A-12-662224-C, Dept. 1)<br><br>**PROTECTIVE ORDER** |

**PROTECTIVE ORDER**

The Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. This Protective Order shall govern all documents, computer disks, information, and tangible materials which the parties shall designate as "confidential."

2. The parties may specifically designate as "confidential" any documents, information, or materials of a proprietary, financial, or competitively sensitive nature, or which otherwise implicate any recognized privacy interest, by placing in a conspicuous location a stamp bearing the legend "confidential" or the like.

3. Any party also may designate as confidential any portion of a deposition transcript that it deems to include confidential information.

4. No documents, information or materials designated as "confidential" by another party shall be furnished, shown, or otherwise disclosed to any person

unaffiliated with the designating party except the following qualified persons: (1) counsel for the parties, their associate attorneys, paralegal assistants, and clerical employees assisting such counsel and employees; (2) essential employees of the parties with whom it is necessary to consult in connection with the prosecution of this cause; and (3) outside consultants and experts retained by the parties to consult and/or assist counsel in the preparation and trial of this action.  All documents, information, and materials that are designated as confidential shall be used solely for the preparation and trial of this action and for no other purpose.

5. Before any person unaffiliated with the Court, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment."  Executors of said Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," *and* who has not executed a copy of the attached "Acknowledgment."  The Acknowledgment for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first.  Counsel for the respective parties also shall maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon an appropriate Order.  Counsel of record and counsel's employees need not execute such an Acknowledgment, but are deemed subject to the provisions of this Order by virtue of its entry.

6. All copies, reproductions, extracts, and summaries of documents, responses to discovery, testimony and other materials and information, as well as briefs

1  and other Court papers that quote or refer to confidential documents, information, or
2  materials also shall be subject to the provisions of this Protective Order.

3        7. Whenever filed with the Court for any reason, all designated materials
4  disclosed by any party shall be submitted for filing with the Court under seal pursuant
5  to Local Rule 10-5.  However, such designated materials shall continue to be available to
6  the Court and to such persons who are permitted access to the same under this
7  Protective Order.  Where possible, only the confidential portions of filings with the
8  Court shall be filed under seal.

9        8. Nothing contained in this Protective Order shall bar or restrict the parties'
10 attorneys from rendering advice to their respective clients with respect to this litigation,
11 as long as the confidentiality provisions of this Order are otherwise observed.  This
12 Protective Order shall not prevent the use of "confidential" documents, information, or
13 materials at a deposition, so long as reasonable advance notice is given to the opposing
14 party and court reporter that the other party will or may use confidential materials, so
15 that the documents, information, or materials shall be disclosed or displayed only upon
16 the implementation of reasonable safeguards to preserve their confidentiality, and the
17 deposition transcript shall reflect that it is "subject to protective order."  The use of
18 "confidential" documents at a deposition does not otherwise affect the protection of
19 those documents under the terms of this Protective Order.

20       9. The inadvertent or unintentional disclosure of "confidential" information,
21 regardless of whether the information was so designated at the time of disclosure, shall
22 not be deemed a waiver in whole or in part of a party's claim of confidentiality either as
23 to specific information disclosed therein or on the same or related subject matter,
24 provided that the party asserting the claim of confidentiality informs the opposing party
25 of its claim within a reasonable time after learning of the disclosure.

26       10. Materials designated as "confidential" shall not be placed or deposited in
27 any sort of data bank or otherwise be made available through indiscriminate or general
28 circulation to lawyers, litigants, consultants, expert witnesses, or any other persons or

1  entities.  This paragraph and the other provisions of this Protective Order shall not apply
2  to materials which, if challenged by another party, the Court rules are not entitled to
3  protection.

4        11.    All parties other than the designating party, including their counsel,
5  technical consultants, and/or experts shall not otherwise sell, offer, advertise, publicize,
6  or provide under any condition, any information provided and designated as
7  "confidential" by the designating party, to any competitor of the designating party.

8        12.    Within thirty (30) days of the conclusion of this case, defined as the latest
9  of the completion of the trial and appeals, if any, in this action, or at the satisfaction of
10 any judgment, or upon conclusion of any settlement, if any, parties in receipt of another
11 party's "confidential" documents agree to return or destroy all copies of "confidential"
12 documents, information, or materials to the designating party, excluding counsel of
13 record's original work product.  Each party in receipt of designated documents shall
14 deliver to the designating party an affidavit within thirty (30) days of the conclusion of
15 this case certifying that all such "confidential" information and copies thereof, excerpts
16 from and summaries of such information, have been returned to the party who
17 produced such "confidential information," or have been destroyed.  The parties shall
18 further provide, within thirty (30) days of the conclusion of this case, affidavits from
19 each testifying or consulting expert to which they have provided such information,
20 certifying their compliance with this provision.

21       13.    If any party elects to challenge a designation of "confidential" made by the
22 other party, the challenging party shall provide written notice to the designating party
23 within thirty (30) days of receipt of the document(s) in question.  The notice shall specify
24 by bates number the documents, information, or materials for which the designation is
25 challenged, and the specific and complete basis for the challenge.  Thereafter, the
26 provisions of the agreement shall apply to such materials for a period of sixty (60) days
27 only, and shall expire unless the producing party files a motion for protective order from
28 the Court prior to such time.  In the event such motion is filed, the terms of this

1  Protective Order shall remain in place as to such documents, information, and materials
2  until the Court rules upon the motion.
3      14.   All materials designated as confidential shall be treated as such pursuant
4  to the terms of this Protective Order until further order of this Court.  Such a designation
5  raises no presumption that the information or documents are entitled under the law to
6  protection.
7      15.   The determination of how any material designated as "confidential" shall
8  be used at the trial of this case, if any, is not made at this time.  Rather, any such
9  determination will be made prior to trial.
10     16.   The terms of this Protective Order shall become effective upon agreement
11 of the parties or entry by the Court, whichever happens first, and shall survive and
12 remain in full force and effect after conclusion of this cause of action.  The Court shall
13 retain jurisdiction after the conclusion of this action to enforce the terms of the Protective
14 Order.

IT IS SO ORDERED:

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE

DATED: September 25, 2012